UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BERNICE SMITH

v.

UNITED STATES OF AMERICA, ET AL.

CIVIL ACTION

NO. 19-238-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the *United States of America's Motion to Dismiss* (Doc. 4) filed by the United States ("Defendant" or "United States"). Plaintiff Bernice Smith opposes the motion. (Doc. 9.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted, and Plaintiff's claim against the United States is dismissed for lack of subject matter jurisdiction.

I. **Relevant Factual Background**

The following factual background touches on the allegations of the operative complaint, but the Court primarily focuses on the exhibits submitted and cited to by Defendant.[1]

Plaintiff brings this lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging damages arising out of a motor vehicle accident. (Doc. 1 at 1, 2.) On April 23, 2017, Plaintiff was driving a 2011 Chevrolet Equinox east on Government Street in East Baton Rouge Parish, in the right travel lane. (*Id.* at 2.) Purportedly, at approximately the same time, Bruce Hillman was driving a 2016 Kenworth 18-wheeler, also traveling east on

---

[1] As will be explained below, when evidence is presented with a motion to dismiss, the attack is "factual" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Government Street, in the left travel lane. (*Id.*) Plaintiff alleges, "Suddenly and without warning, Bruce Hillman began making a right turn onto Acadia Street and struck [her] while turning." (*Id.*) Plaintiff alleges that, at the time of the accident, Hillman was an employee of the United States within the meaning and intent of the FTCA, and that at all pertinent times, Hillman was employed by the United States Postal Service ("USPS"). (*Id.* at 3.) Additionally, Plaintiff contends Hillman was in the course and scope of his employment with the United States at the time of the accident, making the United States vicariously liable for the damages caused by Hillman. (*Id.* at 4.)

On April 23, 2018, Plaintiff presented an administrative tort claim pursuant to the FTCA on a Standard Form 95 ("SF-95") to the United States Department of Justice ("DOJ") regarding the motor vehicle collision which occurred on April 23, 2017. (Pl. Ex. A, Doc. 1-8.) In section one of the SF-95, Plaintiff listed the U.S. DOJ as the appropriate federal agency to whom her claim was directed.

> 1. Submit To Appropriate Federal Agency:
> Torts Branch -- Civil Divison
> U.S. Dept of Justice
> Washington, DC 20530

(Pl. Ex. A, Doc. 1-8.)

Subsequently, on February 5, 2019, the DOJ returned Plaintiff's claim with a letter stating that if Plaintiff should determine that the DOJ is the "appropriate agency" and the employer of the involved driver, Plaintiff could then resubmit her claim to them.[2] (Pl. Ex. B, Doc 1-9.) On April 23, 2019, Plaintiff submitted her claim for the second time to the DOJ regarding

---

[2] The letter specifically states, "Please resubmit a valid claim form at the address above, if you have determined that the U.S. DOJ is the 'appropriate agency' and the employer of the involved driver." (Pl. Ex. B, Doc 1-9.)

the April 23, 2017 accident. (Pl. Ex. E, Doc. 9-5.) On May 1, 2019, the DOJ again returned Plaintiff's claim with a letter advising Plaintiff to resubmit a valid claim should she determine that the DOJ is the "appropriate agency."[3] (Pl. Ex. G, Doc 9-7.)

As a result, Plaintiff brought this action on April 23, 2019, alleging negligence against Defendant United States. (Doc. 1.) The United States now moves to dismiss the complaint for lack of subject matter jurisdiction.

## II. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) . . . allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

There are two forms of Rule 12(b)(1) challenges to subject matter jurisdiction: "facial attacks" and "factual attacks." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "A facial attack consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence that challenges the court's jurisdiction based solely on the pleadings." *Harmouche v. Consulate*

---

[3] Specifically, that letter says, "Please resubmit a valid claim at the address above, once you have determined the 'appropriate agency' that employs the driver of the involved vehicle. You should submit the claim to that agency for processing." (Pl. Ex. G, Doc 9-7.)

3

*General of the State of Qatar*, 313 F. Supp. 3d 815, 819 (S.D. Tex. June 12, 2018) (citing *Paterson*, 644 F.2d at 523). In considering a "facial attack," the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient[,] the complaint stands." *Paterson*, 644 F.2d at 523.

In contrast, "[a] factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits may be considered." *Harmouche,* 313 F. Supp. 3d at 819 (citing *Paterson*, 644 F.2d at 523). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

Here, Defendant United States does not just challenge the sufficiency of the pleading but claims that Plaintiff has failed to meet the FTCA's jurisdictional prerequisites. In challenging this, Defendant United States relies on matters outside the pleadings, so the Court will treat this motion as a 12(b)(l) factual attack on subject matter jurisdiction. *Paterson*, 644 F.2d at 523; *see also Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir. 1981). As such, the Court weighs the evidence without presuming the truthfulness of Plaintiff's allegations or attempting to view the evidence in the light most favorable to Plaintiff.

### III. Discussion

#### A. Parties' Arguments

The United States files the instant motion under Federal Rule of Civil Procedure 12(b)(1) seeking to dismiss Plaintiff's claim for lack of subject matter jurisdiction. (Doc. 4-1.) Defendant contends that, as a jurisdictional prerequisite to filing a lawsuit under the FTCA, a plaintiff is required to exhaust administrative remedies by presenting the claim to the appropriate federal

agency. Defendant argues that, because Plaintiff filed her administrative claim with the DOJ, and not with the USPS, Plaintiff did not file a claim with the appropriate federal agency prior to filing this suit. As a result, Defendant concludes the Court lacks subject matter jurisdiction over her claims.

In response, Plaintiff contends that she has exhausted her administrative remedies as required by 28 U.S.C. § 2675, in that she filed an administrative claim with the DOJ on or about October 31, 2018 and then submitted her claim a second time to the DOJ on April 23, 2019. (Doc. 9.)

### B. Applicable Law

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, making the United States liable for certain torts committed by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 2679 (exclusiveness of remedy); s*ee also United States v. Orleans*, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975 (1976). The FTCA requires each individual seeking damages to present his or her claim to the appropriate administrative agency before a suit in tort can be initiated against the United States. *Frantz v. United States,* 29 F.3d 222, 224 (5th Cir. 1994). More specifically, 28 U.S.C. § 2675(a) provides in pertinent part that an FTCA action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the **appropriate Federal agency** and his claim shall have been finally denied by the agency." (emphasis added.)

The "appropriate Federal agency" is the agency "whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1).[4] The requirement that a claimant present a claim to the "agency whose

---

[4] 28 C.F.R. § 14.2(b)(1) also provides that when an administrative claim is presented to the wrong agency, it should be forwarded to the appropriate agency if the proper agency can be identified from the claim. If the transfer is not feasible, the regulation directs that the claim be returned to the claimant. Here, Plaintiff's claim did not mention the USPS in any manner; nor did it refer to any other federal agency outside of the DOJ. (*See* Doc. 1-8.) Moreover, the

5

employee's activity allegedly caused the damage" helps facilitate settlement of meritorious claims without the need for filing suit and "possible expensive and time-consuming litigation." *McNeil v. United States*, 508 U.S. 106, 112 n. 7, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Moreover, failure to completely exhaust administrative remedies prior to commencing a civil action under the FTCA deprives the Court of subject matter jurisdiction. *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam); *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) (per curiam); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The burden of proving that jurisdiction exists is borne by the plaintiff as the party asserting jurisdiction. *Manchaca v. Chrysler Credit Corp.*, 613 507, 511 (5th Cir. 1980); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### C. Analysis

The Court finds that the United States should prevail in the instant motion. Because Plaintiff did not file an administrative claim with the "appropriate Federal agency" prior to initiating this suit, she failed to comply with the jurisdictional requirements of § 2675(a), and, as such, the Court lacks subject matter jurisdiction over her FTCA claim.

While the Complaint implies that Plaintiff's claim was properly presented to the "appropriate Federal agency," Defendant cites to evidence that indicates Plaintiff never filed an administrative claim with the "appropriate Federal agency" and thus did not exhaust her claim prior to filing this suit. [5]

---

USPS could not confirm that Hillman was its employee at the time of Plaintiff's accident. (Def. Ex. A, Doc. 4-2.) Since the transfer of the claim to a different agency was not feasible, the DOJ properly discharged its obligation under the regulation by returning the claim to Plaintiff.

[5] More specifically, the Complaint states that "Complainant has exhausted her administrative remedies" by filing a claim with the DOJ on or about April 23, 2018, and the DOJ "denied the claim on February 5, 2019," and "Complainant files this complaint within six months after receiving the final disposition which constituted a denial thereof." (Doc. 1 at 2.)

The jurisdictional requirements are unambiguous and specifically outlined on the reverse side of the claim form. They read:

> **INSTRUCTIONS**
> Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

(Pl. Ex. A, Doc. 1-8.) Plaintiff's administrative tort claim named the DOJ as the "appropriate Federal agency" to whom her claim was directed. (Pl. Ex. A, Doc. 1-8.) However, the USPS is the "appropriate Federal agency" under 28 C.F.R. § 14.2(b)(1) and as defined by the instructions on the SF-95 Claim Form because the USPS is the agency whose purported employee (Hillman) was involved in the incident. Thus, for purposes of making a claim pursuant to 28 U.S.C. § 2675, the USPS was the "appropriate Federal agency" to which to present an administrative tort claim, not the DOJ.

In addition, although the Complaint states that Plaintiff filed an administrative claim with the "appropriate Federal agency" on April 23, 2018 for negligence, the United States has proffered a sworn affidavit from Kimberly Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center. (Def. Ex. A, Doc. 4-2.) Herbst states that she searched the Postal Service Law Department records and the Postal Service Tort Claim Coordinators database for evidence of a claim submitted by or on behalf of Plaintiff and discovered no such claim. (*Id.*) Plaintiff has submitted no evidence to contest this assertion; thus, she has not met her burden of showing that her FTCA claims are properly exhausted.

Plaintiff also alleges that her claim was denied and therefore properly exhausted; however, Defendant correctly points out that Plaintiff mischaracterized the letters she received from the DOJ when her SF-95 Claim Forms were returned. Because the DOJ could not

determine the federal government's interest in the matter, it returned the administrative claim to Plaintiff on February 5, 2019, and again on May 1, 2019, advising Plaintiff to resubmit a valid claim if she determined that the DOJ is the "appropriate Federal agency." (Pl. Ex. B, Doc 1-9; Pl. Ex. G, Doc 9-7.) These do not constitute denials of her claim under 28 U.S.C. § 2675(a); the DOJ merely returned Plaintiff's claim to her without denying it. Further, the DOJ is not the "appropriate Federal agency" and could not determine the appropriate agency which to forward Plaintiff's claim, so pursuant to 28 C.F.R. § 14.2(b)(1), they returned the claim to Plaintiff.

In sum, because the undisputed evidence in the record indicates that Plaintiff did not present her administrative claim to the USPS as the "appropriate Federal agency", she failed to completely exhaust her administrative remedies prior to commencing this suit in accordance with § 2675(a). Absent compliance with the statute's exhaustion requirement, a federal district court is without jurisdiction to consider any claims under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Consequently, Plaintiff's claim against the United States under the Federal Tort Claims Act must be dismissed.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the *United States of America's Motion to Dismiss* (Doc. 4) is **GRANTED;** and

**IT IS FURTHER ORDERED** that Plaintiff's claim against the United States is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on October 10, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**